NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| KEVIN N. SONNIE, | : | |
| | : | CIV. NO. 20-970 (RMB-KMW) |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ATLANTIC COUNTY COURT, *et al.*, | : | |
| | : | |
| Defendants | : | |

BUMB, DISTRICT JUDGE

Plaintiff Kevin N. Sonnie, a pretrial detainee confined in Atlantic County Justice Facility, filed this civil rights action on January 30, 2020. (Compl., ECF No. 1.) Plaintiff submitted an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (IFP App., ECF No. 1-2.) 28 U.S.C. § 1915(a) provides, in relevant part,

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement … of any suit … without prepayment of fees … by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees …. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action … without prepayment of fees … in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional

>equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff did not submit a certified prisoner trust account statement, as required by statute.

The Court will administratively terminate this action.[1] Plaintiff may reopen this action if he timely submits a properly completed IFP application or pays $400.00 for the filing and administrative fees. Plaintiff should be aware that, even if granted IFP status, he must pay the $350.00 filing fee in installments, if available in his prison trust account, regardless of whether the complaint is dismissed, see U.S.C. § 1915(b)(1). For the reasons discussed below, the Court would dismiss the complaint upon screening.

---

[1] U.S.D.C. District of New Jersey Local Civil Rule 54.3(a) provides:

>Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L.Civ.R. 5.1(f).

I.   *Sua Sponte* Dismissal

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual

---

[2] Conclusive screening is reserved until the filing fee is paid or IFP status is granted. See Izquierdo v. New Jersey, 532 F. App'x 71, 73 (3d Cir. 2013) (district court should address IFP application prior to conclusive screening of complaint under 28 U.S.C. § 1915(e)(2)).

3

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.   The Complaint

The defendants named in the complaint are Atlantic County Court, Judge Sandson, Judge Wild, [Judge] Delury, [Judge] Taylor, Atlantic County Justice Facility ("ACJF") and "Public

4

Defenders/Prosecutors." (Compl., Dkt. No. 1.) Plaintiff alleges that while incarcerated in Atlantic County Justice Facility in August 2019, he wished to be released to visit his mother on her death bed. (Compl., ¶4.) Plaintiff made this request by letter and gave it to a captain, who said he would give the letter to the warden at ACJF. (Id.) Hours later, the Sergeant's Office returned the letter to Plaintiff, telling him the warden "doesn't do that" and to "write your judge." (Id.) Plaintiff wrote to his judge asking for conditional release but he did not receive an answer or any acknowledgment. (Id.) His mother died on September 13, 2019. (Id.) Plaintiff seeks money damages.

    B.    Section 1983 Claim

42 U.S.C. § 1983 provides, in relevant part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law….

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

5

Plaintiff's complaint would be subject to dismissal upon conclusive screening for at least two reasons. First, Plaintiff has not stated a cognizable § 1983 claim against any defendant. The Atlantic County Court and Atlantic County Justice Facility are not "persons" subject to suit under § 1983. See e.g. Dawkins v. Office of Attorney Gen., No. 18CV11174NLHJS, 2018 WL 6322618, at *2 (D.N.J. Dec. 4, 2018) (courthouse and jail are not "persons" within meaning of § 1983) (citations omitted). Public defenders are not state actors under § 1983. Beaver v. Union Cty. Pennsylvania, 619 F. App'x 80, 83 (3d Cir. 2015). State judges have absolute immunity for their judicial acts. See Wirfel v. Leahey, 351 F. App'x 735, 736 (3d Cir. 2009) ("The Supreme Court long has recognized that judges are immune from suit for monetary damages arising from their judicial acts") (citing Mireles v. Waco, 502 U.S. 9, 9 (1991); Forrester v. White, 484 U.S. 219, 225–2 (1988); Stump v. Sparkman, 435 U.S. 349, 355–56 (1978)). It is unclear how the unnamed prosecutors are involved in the alleged constitutional violation, but prosecutors are immune from § 1983 claims for actions intimately associated with the judicial phase of the criminal process. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Second, even if Plaintiff named a proper defendant, there is no Constitutional right to furlough or relaxation of bail to visit family or attend a funeral. Cromer v. Admin. of CCCF, No.

6

CIV. 14-235 JBS, 2014 WL 1669867, at *3 (D.N.J. Apr. 28, 2014) (citing Bowser v. Vose, 968 F.2d 105, 106 (1st Cir. 1992)); Burrell v. Loungo, 750 F. App'x 149, 157 (3d Cir. 2018) (same) reh'g denied (Dec. 19, 2018), cert. denied, 139 S. Ct. 2640 (2019).

III. CONCLUSION

For the reasons stated above, the Court will administratively terminate this action. An appropriate Order follows.

DATE:  July 21, 2020

                                  s/Renée Marie Bumb
                                  **RENÉE MARIE BUMB**
                                  **United States District Judge**